**E-filing**

JOHN NKWUO IN PRO PER

**ADR**

FILED

NOV 1 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

P.O BOX 53554, SAN JOSE CA. 95153
PHONE (831) 774 1916
PLAINTIFF   IN PRO PER

# UNITED STATES DISTRICT COURT–N.D. CALIFORNIA
# SAN JOSE DIVISION
# NORTH FIRST STREEET, SAN JOSE, CA. 95113

**PSG**

**CV 14 05027**

| | |
|---|---|
| JOHN NKWUO IN PRO PER | ) No: |
| | ) |
| **Plaintiff (Customer)**) DOES 1 THROUGH 10 inclusive | ) COMPLAINT |
| | ) FOR BREACH |
| | ) CONTRACT, |
| | ) COVENANT OF |
| | ) GOOD FAITH |
| | ) AND FAIR |
| | ) DEALING, |
| | ) HARASSMENT |
| | ) DISCRIMINATION |
| | ) INVASION OF |
| | ) PRIVACY |
| VS | ) |
| | ) |
| METROPCS / T-MOBILE | ) |
| | ) |
| **Defendants (Phone Carrier)** DOES 1 THROUGH 1O inclusive | ) |

Plaintiff alleges:

I

## BREACH OF COVENANT OF GOOD FAITH & FAIR DEALINGS

On about March 2 in the year of 2009, the Customer entered into a month to

month phone service contract agreement with the METROPCS  which was later

**BREACH OF CONTRACT, INVASION OF PRIVACY , DISCRIMINATION , HARASSMENT.**

39  acquired by T-MOBILE INC henceforth referred to as the Phone Carrier. The Phone

40  Carrier is in violation of the contract agreement by the breach of its Fiduciary

41  responsibilities and causing a **PEN REGISTER, TRAP /TRACE** Device to be installed

42  in Plaintiff Phone line ending in **1916** which is Serviced by METROPCS / T-MOBILE.

43  " Basically, a pen register is a device or process which records the telephone numbers

44  of outgoing calls; the trap and trace device captures the telephone numbers of incoming

45  calls. See 18 U.S.C. § 3127. Among the most commonly used law enforcement

46  techniques,[2] a pen/trap order authorizes real-time electronic monitoring of a telephone

47  user's calls (excluding content) for a limited duration, **typically 60 days. Id. at §**

48  **3123(c)"**, ([Berger v. New York (1967) 388 U.S. 41, 59 [18 L.Ed.2d 1040, 1052, 87

49  S.Ct. 1873] [60-day authorization of eavesdropping is unlawful under Fourth

50  Amendment]; 18 U.S.C. § 2518, subd. 5 [30-day limit on wiretap].)

51

52      As first affirmative cause of action the Plaintiff alleges that the Defendant

53  (METROPCS / T-MOBILE) Does 1 to 10 Breached and Violated covenant of good

54  **faith, fair dealing** and its fiduciary responsibilities by conducting unauthorized Taping

55  Plaintiff Private Conversations and **Proliferating and Selling the information**

56  **gathered through the phone network and used for mockery, caricature and**

57  **harassment of Plaintiff in violation of subscriber records that is maintained by**

58  **the phone company pursuant to 18 U.S.C. § 2703(c).**

59      The relief sought by Plaintiff includes an immediate court order to

60  METROPCS / T-MOBILE to Cease and Desist with immediate effect. PEN

61  REGISTER is usually for a limited duration typically 60 days. Id. at § 3123(c) and for a

62  specific legal purpose such as tracking Fugitives and Criminals. This PEN
    BREACH OF CONTRACT, INVASION OF PRIVACY , DISCRIMINATION , HARASSMENT.

63 REGISTER is not for any legal purposed and has been going on for over 10 years
64 for the purpose of harassment and inflicting emotional distress on the plaintiff
65 and his family.[ 442 US 735, 99 S. Ct. 2577, 61 L. Ed. 2d 220]

66
67
68
69 II
70 **BREACH OF CONTRACT**
71 METROPCS / T-MOBILE is in breach of its own contract by failure to safeguard
72 and maintain Plaintiff subscriber records maintained by the phone company pursuant
73 to 18 U.S.C. § 2703(c). Pursuant to the ECPA comprised of three titles. Title I
74 amended the 1968 federal wiretap statute [6] to cover electronic communications. The
75 Wiretap Act had imposed several additional requirements for lawful interception of a
76 telephone conversation, beyond a judicial finding of probable cause: a wiretap is
77 "authorized only for specified crimes, for a limited duration, as a last resort, with
78 minimized interception of innocent conversations, notice to targets, and extensive
79 judicial oversight. "

80
81 As second affirmative cause of action plaintiff (Customer) alleges
82 METROPCS / T-MOBILE Breach of Contract, violation of Plaintiff Fourth
83 Amendments Rights.

84
85
86 III
 **HARASSMENT & HOSTILE ENVIRONMENTS**
87 As a third affirmative cause of action Plaintiff (Customer) alleges that METROPCS / T-
88 MOBILE(Phone Carrier) exercised unnecessary Harassments of Plaintiff and created
89 Hostility for the Plaintiff(Customer ) through unwarranted installation of PEN

BREACH OF CONTRACT, INVASION OF PRIVACY , DISCRIMINATION , HARASSMENT.

90   REGISTER wiretaps, 18 U.S.C. §§ 2510-2522 (super-warrant); unwarranted tracking

91   devices, 18 U.S.C. § 3117 (Rule 41 probable cause); Unwarranted stored

92   communications and subscriber records, 18 U.S.C. § 2703(d) (specific and articulable

93   facts); an unauthorized pen register/trap and trace, 18 U.S.C. §§ 3121-3127 (certified

94   relevance) for the sole purpose of Harassing the Plaintiff and his family.

95

96                                    **IV**

97   **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

98
99   **As fourth affirmative cause of action, Plaintiff (Customer )** alleges that the

100  Defendant's METROPCS / T-MOBILE(Phone Carrier) perpetuated and caused

101  Intentional Infliction of Emotional Distress of Plaintiff and Plaintiff's Family through

102  Defendants Breach of its Fiduciary responsibilities by engaging in unwarranted and

103  unauthorized Taping of Plaintiff Private Conversations and Proliferating and Selling

104  the information gathered through such communication to the phone network and

105  used for mockery, caricature and harassment of Plaintiff in violation of subscriber

106  records that is maintained by the METROPCS / T-MOBILE phone company pursuant

107  to 18 U.S.C. § 2703(c).

108
109
110                                   **V**

111  **DISCRIMINATION BASED ON RACE & NATIONAL ORIGIN**
112  As a firth Affirmative cause of action Plaintiff alleges that the Defendants

113  **METROPCS / T-MOBILE** singled out Plaintiff for Racial Discrimination based

114  on Plaintiff Race and National Origin. Defendants blatantly refused to disclose


**BREACH OF CONTRACT, INVASION OF PRIVACY , DISCRIMINATION , HARASSMENT.**

115  their source of PEN REGISTER or TRAP /TRACE, other than for the purpose of

116  perpetuating RACIAL HARASSMENT and DISCRIMINATION in violation of title V and

117  title VII of Civil Rights Act.[ of § 703(a)(1) of Title VII of the Civil Rights Act of 1964, 78

118  Sta]

119

120                                        **VI**

121                           **INVASION OF PRIVACY**

122      **As a sixth affirmative cause of action; Plaintiff alleges that the Defendants**

123  **METROPCS / T-MOBILE** (Phone Carrier) by causing a PEN REGISTER, TRAP

124  /TRACE Device to be installed in Plaintiff  Phone line  ending in 1916 which is Serviced

125  by METROPCS / T-MOBILE invaded the Plaintiff  Rights to Privacy, especially since

126  there were no lawful basis for the installation and the  and PEN REGISTER is for a

127  limited duration typically 60 days. Id. at § 3123(c) and for a specific legal purpose  such

128  as  tracking Fugitives and  Criminals. [Katz v. United States, 389 US 347 - Supreme

129  Court 1967]

130  This PEN REGISTER is not for any legal purposed   and has been going on for over 10

131  years for the purpose of  harassment and inflicting emotional distress on the plaintiff and

132  his family and invading their privacy.[ Fourth Amendment. California Bankers Assn. v.

133  Shultz, 416 U. S., at 95 (MARSHALL, J., dissenting)],( [Berger v. New York (1967) 388

134  U.S. 41, 59 [18 L.Ed.2d 1040, 1052, 87 S.Ct. 1873] [60-day authorization of

135  eavesdropping is unlawful under Fourth Amendment]; 18 U.S.C. § 2518, subd. 5 [30-

136  day limit on wiretap])

137

138

                **BREACH OF CONTRACT, INVASION OF PRIVACY , DISCRIMINATION , HARASSMENT.**

# VII

## VIOLATION   OF  FOUTH AMENDMENT RIGHTS

As a seventh  affirmative cause of action Plaintiff (Customer) alleges that METROPCS /

T-MOBILE VIOLATED(Phone Carrier)  Plaintiff  Fourth  Amendments  Rights  through

the process of  unwarranted  installation of  PEN REGISTER  wiretaps, 18 U.S.C. §§

2510-2522 (super-warrant); unwarranted   tracking devices, 18 U.S.C. § 3117 (Rule 41

probable cause); Unwarranted   stored communications and subscriber records, 18

U.S.C. § 2703(d) (specific and articulable facts); an unauthorized  pen register/trap and

trace, on Plaintiff  phone pursuant  to  18 U.S.C. §§ 3121-3127 (certified relevance)

rules amounted to Unreasonable Searches and Seizures that which VIOLATES the

Plaintiff Fourth and Fifth Amendments Rights Under  the USA Constitutions. The Fourth

Amendment guarantees "[t]he right of the people to be secure in their persons, houses,

papers, and effects, against unreasonable searches and seizures **[Smith v. Maryland,**

**442 US 735 - Supreme Court 1979], [Katz v. United States, 389 US 347 - Supreme**

**Court 1967],[California Bankers Assn. v. Shultz, 416 U. S., at 95 (MARSHALL, J.,**

**dissenting).],**( In People v. Blair (1979) 25 Cal.3d 640, 654-655 [159 Cal. Rptr. 818,

602 P.2d 738], "the Supreme Court stated phone company records of toll calls made to

and from a certain number, without a judicial determination that the police were entitled

to them, was unlawful under article I, section 13, of the California Constitution". **(Accord**

**People v. McKunes (1975) 51 Cal. App.3d 487, 490-491 [124 Cal. Rptr. 126].)**

**BREACH OF CONTRACT, INVASION OF PRIVACY , DISCRIMINATION , HARASSMENT.**

162
163
164   Plaintiff prays for relief as follows:
165       1 Plaintiff prays for injunctive relief, and for  A Cease and Desist Order
166         of the PEN Register and Trap /Trace.
167       2   For  Breach of Contract Injury cost damage of  $1000,000 per year of the
168         Contract Breach for the number of years breached.
169
170       3   For Intentional Infliction of Emotional  Distress damages of $1000,000 per
171         Year for the number of years it was inflicted.
172
173       4   For Harassment and Hostile Environment  damages of $1000,000 per
174         Year for the number of years  Harassed.
175
176       5   For  Discrimination Damages of $1000,000 per year for the number of
177         Years Discriminated Against.
178
179       6   For Invasion of Privacy Damages of $1000,000 per year for the number
180         Of years the privacy was invaded.
181
182       7   For **compen**satory and  punitive damages of  **$1000,000.00**

183       8   Compensation  for punitive damages as determined  by the court
184
185       9   For Court Cost, and Attorney Fees and Cost.
186
187   I   declare under penalty of perjury that the foregoing is  true and correct
188   Executed  on November  5, 2014 at  San Jose, Santa Clara County . California
189
190
191
192                                       John Nkwuo In Pro Per
193
194
195
196
197
198
199

**BREACH OF CONTRACT, INVASION OF PRIVACY , DISCRIMINATION , HARASSMENT.**