UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN NKWUO, <br><br>            Plaintiff, <br><br>   v. <br><br> T-MOBILE, et al., <br><br>            Defendants. | Case No. 5:14-cv-05027-PSG <br><br> **ORDER DENYING MOTION TO REQUEST CLERK ENTRY OF DEFAULT JUDGMENT** <br><br> **(Re: Docket No. 12)** |

Plaintiff John Nkwuo seeks an entry of default judgment against Defendants T-Mobile and MetroPCS Inc. on the grounds that Defendants have failed to respond to the complaint in any way. While the court offers no opinion on the merits of Nkwuo's request, the motion for entry of default judgment is procedurally defective. In the Ninth Circuit, Federal Rule of Civil Procedure 55[1] "requires a two-step process consisting of: (1) seeks a clerk's entry of default, and (2) filing a

---

[1] Fed. R. Civ. P. 55(a)-(b):

   (a) Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

   (b) Entering a Default Judgment.

      (1) By the Clerk.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

      (2) By the Court.  In all other cases, the party must apply to the court for a default judgment.

1

Case Nos.: 5:14-CV-05027-PSG
OORDER DENYING MOTION TO REQUEST CLERK ENTRY OF DEFAULT JUDGMENT

motion for the entry of default judgment."[2]  Nkwuo has impermissibly combined steps one and two.  The motion is DENIED without prejudice to Nkwuo re-filing after he has first sought a clerk's entry of default.

**SO ORDERED.**

Dated: February 3, 2015

　　　　　　　　　　　　　　　　　　　　　　　／s／ Paul S. Grewal
　　　　　　　　　　　　　　　　　　　　　　PAUL S. GREWAL
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2] *Marty v. Green*, Case No. 10-cv-01823, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) (internal quotation marks omitted); *see Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55"); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(1) and (b) provide a two-step process for obtaining a default judgment); *see also Norman v. Small*, Case No. 09-cv-02235, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying plaintiff's motion for default judgment because the clerk had not yet entered a default); *Cramer v. Target Corp.*, Case No. 08-cv-01693, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment."); *Bach v. Mason*, 190 F.R.D 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied.").