UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN NKWUO,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>METROPCS, INC., et al.,<br><br>　　　　　　Defendants. | Case No. 5:14-cv-05027-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(Re: Docket No. 37)** |

Defendants MetroPCS, Inc. and T-Mobile USA, Inc. move to dismiss Plaintiff John Nkwuo's complaint under Fed. R. Civ. P. 12(b)(6). Because the court finds that Nkwuo's claims are insufficiently alleged and fail as a matter of law, Defendants' motion is GRANTED but with leave to amend.

**I.**

Nkwuo brought this suit and seeks relief on seven claims that MetroPCS installed certain devices used by law enforcement that record incoming ("pen register") and outgoing ("trap and trace device") numbers on his phone.[1] His specific claims are: (1) breach of covenant of good faith and fair dealing; (2) breach of contract; (3) harassment and hostile environments; (4) intentional infliction of emotional distress; (5) discrimination based on race and national origin; (6) invasion of privacy and (7) violation of Fourth Amendment rights.

---

[1] *See, e.g.*, Docket No. 1 at 2.

1

Case No. 5:14-cv-05027-PSG
ORDER GRANTING MOTION TO DISMISS

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 72(a).

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[2] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[3] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[4]

## III.

"[D]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5] If Plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[6] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] Against these standards, none of Nkwuo's claims pass muster.

*First,* Nkwuo's first and second claims for breach of the covenant of good faith and fair dealing and breach of contract fail because Nkwuo fails to state the terms of the contract supposedly giving rise to any such covenant or otherwise attach a copy of the contract.[8] Nor does Nkwuo allege what law governs.

---

[2] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[3] *See id.*

[4] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[5] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[6] *Twombly*, 550 U.S. at 570.

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[8] *Cf. Twombly*, 550 U.S. 544 (2007); Fed. R. Civ. P. 12(b)(6).

***Second,*** Nkwuo's third claim for harassment and hostile environment fails because Nkwuo does not allege any facts in support of this claim or identify what law gave rise to such a claim. "Hostile environment" is a doctrine in the employment context and thus, Nkwuo's claim fails as a matter of law as he does not and cannot allege an employment relationship with Defendants.[9]

***Third***, Nkwuo's fourth claim for intentional infliction of emotional distress is insufficient because Nkwuo fails to allege what law governs his claim for intentional infliction of emotional distress making it impossible for Defendants to respond to this claim. Nkwuo further fails to state a claim for intentional infliction of emotional distress because he provides no factual allegations showing the collection of phone numbers—by a communications provider—was "outrageous." Nor does he show that Defendants otherwise were not lawfully permitted to engage in the conduct of which he complains.[10]

***Fourth,*** Nkwuo's fifth claim alleges discrimination based on race and national origin under Title V and Title VII of the Civil Right Act. Neither claim is sufficient. Title V establishes the U.S. Commission on Civil Rights that protects against discrimination affecting the right to vote.[11] No such rights are involved here. Title VII prohibits employment discrimination.[12] Because Nkwuo has alleged a customer—and not an employment—relationship with Defendants, he fails to state a claim as a matter of law.[13]

***Fifth,*** Nkwuo's sixth claim for invasion of privacy falls under Rule 12(b)(6) because Nkwuo fails to allege the law under which his privacy was invaded. Nkwuo's complaint also lacks factual allegations showing that there is any protectable privacy right or expectation of privacy in the collection or disclosure of phone numbers by a mobile phone service provider with which

---

[9] *Id.* at 7-8.

[10] *Id.* at 8-10.

[11] *See* 42 U.S.C. § 1975.

[12] *See* 42 U.S.C. § 2000.

[13] *See* Docket No. 2 at 10-11.

Nkwuo arguably entered into a service agreement.[14]

***Sixth***, Nkwuo's seventh claim, based on alleged violation of his Fourth Amendment rights, fails as a matter of law. The Fourth Amendment only protects against government action and Defendants are not government entities.[15]

### IV.

Defendants' motion to dismiss is GRANTED. Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[16] Because Nkwuo has not previously amended his complaint and the court cannot yet say that amendment would be futile, leave to amend also is GRANTED. Any amended pleadings shall be filed by July 3, 2015.

**SO ORDERED.**

Dated: June 5, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[14] *See id.* at 11-13.

[15] *See id.* at 14.

[16] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).