UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN NKWUO,<br><br>            Plaintiff,<br>     v.<br><br>METROPCS, INC., et al.,<br><br>            Defendants. | Case No. 5:14-cv-05027-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**(Re: Docket No. 51)** |

Defendants MetroPCS, Inc. and T-Mobile USA, Inc. move to dismiss Plaintiff John Nkwuo's first amended complaint under Fed. R. Civ. P. 12(b)(6). Because the court finds that Nkwuo's claims are insufficiently alleged and fail as a matter of law, Defendants' motion is GRANTED, this time without leave to amend.

**I.**

Nkwuo brought this suit and seeks relief on seven claims that MetroPCS installed certain devices used by law enforcement that record incoming ("pen register") and outgoing ("trap and trace device") numbers on his phone.[1] His specific claims are: (1) breach of covenant of good faith and fair dealing; (2) breach of contract; (3) harassment and hostile environments; (4) intentional infliction of emotional distress; (5) discrimination based on race and national origin; (6) invasion of privacy and (7) violation of his Fourth and Fifth Amendment rights. In June, the court granted

---
[1] *See* Docket No. 50 at 6.

1
Case No. 5:14-cv-05027-PSG
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendants' motion to dismiss with leave to amend. Because the first amended complaint does nothing to remedy the deficiencies of Nkwuo's claims—other than to attach the MetroPCS Terms and Conditions of Service and the MetroPCS Privacy Policy—it too fails.

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 72(a).

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[2] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[3] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[4]

## III.

"[D]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5] If Plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[6] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] Against these standards, none of Nkwuo's claims pass muster.

***First,*** Nkwuo's first and second claims for breach of the covenant of good faith and fair

---

[2] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[3] *See id.*

[4] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[5] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[6] *Twombly*, 550 U.S. at 570.

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

dealing and breach of contract fail because the express terms of the service contract permit the collection and disclosure of Nkwuo's information in order to comply with the law or legal process or for marking or advertising purposes.[8]  In other words, the contract specifically permits the conduct that Nkwuo finds objectionable.  Nkwuo does not dispute that he assented to the service contract itself.  A claim for breach of the implied covenant of good faith and fair dealing is premised on the existence of a specific contractual obligation.[9]  Because MetroPCS had no contractual obligation to keep Nkwuo's information confidential—to the contrary, the terms of service expressly contemplate otherwise—Nkwuo's claim fails as a matter of law.  Likewise, because MetroPCS complied with the terms of the service contract, there cannot be any breach.

*Second,* Nkwuo's third claim for harassment and hostile environment—which is identical to that pleaded in his original complaint—fails because Nkwuo does not allege any facts in support of this claim or identify what law gave rise to such a claim.  Because "hostile environment" is a doctrine invoked in the employment context, Nkwuo's claim fails as a matter of law as he does not and cannot allege an employment relationship with Defendants.

*Third*, Nkwuo's fourth claim for intentional infliction of emotional distress fails as a matter of law.  To allege such a claim, a plaintiff must allege (1) extreme and outrageous conduct by Defendants with intent to cause emotional distress; (2) severe or extreme emotional distress suffered by Nkwuo and (3) actual and proximate causation tying the distress to Defendants' conduct.[10]  Nkwuo fails to provide any factual allegations showing the collection of phone numbers—by a communications provider—was "outrageous."  Nor does he show that Defendants otherwise were not lawfully permitted to engage in the conduct of which he complains—especially in light of the terms of the service contract.

*Fourth,* Nkwuo's fifth claim for discrimination based on race and national origin does not pass muster.  Nkwuo does not allege facts showing intentional discrimination through willful

---

[8] *See* Docket No. 50-1, Exh. 1 at 3, 16; Docket No. 50-1, Exh. 2 at 23-26.

[9] *See Racine & Laramie Ltd., Inc. v. Dept. of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (1992).

[10] *See Miller v. Nat'l Broad. Co.*, 187 Cal. App. 3d 1463, 1487 (1986).

1    conduct. Specifically Nkwuo does not allege that Defendants put a pen register or trap and trace on

2    his phone because of his race. Plus, Defendants enter into the same service contract with all of

3    their customers, regardless of race or national origin. Nkwuo has not alleged that Defendants acted

4    any differently towards him than they would towards any other customer similarly situated,

5    regardless of race. The claim fails.[11]

6    *Fifth,* Nkwuo's sixth claim for invasion of privacy fails under Rule 12(b)(6) because

7    Nkwuo does not identify the law under which his privacy was invaded. Nkwuo also cannot

8    plausibly maintain a claim for invasion of privacy in light of his voluntary entry into the service

9    contract at which time he also accepted the terms of the privacy policy.[12] Coupled with the fact

10   that Defendants are not permitted to disclose whether a pen register or trap and trace has been

11   installed on an individual's phone—pursuant to federal law—the purported remedy here would be

12   impossible.[13]

13   *Sixth,* Nkwuo's seventh claim, based on alleged violation of his Fourth and Fifth

14   Amendment rights, fails as a matter of law. As to the Fourth Amendment, it only protects against

15   government action, and it is undisputed that Defendants are not government entities. As to the

16   Fifth Amendment, Nkwuo fails to allege any violations that might pertain to a civil action against

17   private parties—nor could he.

## IV.

19   Defendants' motion to dismiss is GRANTED. Because Nkwuo has previously amended his

20   complaint and the court finds that amendment would be futile,[14] leave to amend is DENIED.

---

[11] To the extent that Nkwuo intends to base his discrimination claim on California's Unruh Act, he does not allege facts sufficient to fulfill the elements of the claim: (1) that Defendants denied, aided or incited a denial of full and equal accommodations or services to Nkwuo; (2) that a motivating reason for Defendants' conduct was Nkwuo's race or national origin; (3) that Nkwuo was harmed and (4) that Defendants' conduct was a substantial factor in causing that harm. *See* Cal. Civ. Code §§ 51, 51.5, 52. Similarly, to the extent Nkwuo also is alleging a violation of Title VII of the Civil Rights Act, Nkwuo has alleged only a customer—and not an employee—relationship. *See* Docket No. 50 at 13:22-26. Absent such an allegation, Nkwuo's claim fails.

[12] *See* Docket No. 50-1.

[13] *See* 18 U.S.C. §§ 2703(e), 3121(b).

[14] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

4
Case No. 5:14-cv-05027-PSG
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT

**SO ORDERED.**

Dated: August 21, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge