1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN NKWUO,<br><br>               Plaintiff,<br><br>     v.<br><br>METROPCS, INC., et al.,<br><br>               Defendants. | Case No. 5:14-cv-05027-PSG<br><br>**ORDER REVOKING IN FORMA PAUPERIS STATUS ON APPEAL**<br><br>**(Re: Docket No. 69)** |

On November 17, 2014, the court granted Plaintiff John Nkwuo's application to proceed in forma pauperis in this suit.[1] After the parties resolved some disputes over whether Nkwuo had served his complaint properly, in April 2015 Defendants MetroPCS, Inc. and T-Mobile USA, Inc. moved to dismiss under Rule 12(b)(6).[2] The court granted Defendants' motion, but granted Nkwuo leave to amend in light of his pro se status.[3] Nkwuo filed an amended complaint in June, which strongly resembled his initial complaint[4] and was quickly followed by a renewed motion to

---

[1] *See* Docket No. 4.

[2] *See* Docket No. 37.

[3] *See* Docket No. 48.

[4] *See* Docket No. 50.

1

Case No. 5:14-cv-05027-PSG
ORDER REVOKING IN FORMA PAUPERIS STATUS ON APPEAL

United States District Court
For the Northern District of California

dismiss.[5]  Because his amendments did not remedy the defects that rendered his initial claims not legally cognizable, the court once again dismissed Nkwuo's complaint, this time with prejudice.[6]

Following an entry of judgment in Defendants' favor, Nkwuo filed a motion seeking reconsideration of the court's ruling.[7]  The court denied the motion as procedurally improper because Nkwuo never sought leave to file the motion and the court had already entered judgment.[8] The court also noted that the motion was substantively deficient because Nkwuo had not established any of the required grounds for reconsideration.[9]  Nkwuo appealed the court's order on the motion for reconsideration to the Ninth Circuit,[10] which then referred to this court the determination of whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith.[11]

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  In other words, if the district court determines an appeal is not taken in good faith, the court may revoke IFP status.  Courts in this district have determined that "not taken in good faith" means "frivolous."[12]  If the appeal as a whole is frivolous, IFP status should be revoked.[13]

---

[5] *See* Docket No. 51.

[6] *See* Docket No. 58.

[7] *See* Docket No. 63.

[8] *See* Docket No. 64.  "Before the entry of a judgment . . . any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration . . . .  No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  Civ. L.R. 7-9(a).

[9] *See* Docket No. 64.  "The moving party must specifically show . . . one of the following: (1) . . . a material difference in fact or law . . . from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought . . . ; or (2) [t]he emergence of new material facts or a change of law . . . ; or (3) [a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court . . . ."  Civ. L.R. 7-9(b).

[10] *See* Docket No. 67.

[11] *See* Docket No. 69.

[12] *See Morris v. Lewis*, Case No. 4:10-cv-5640-CRB-PR, 2012 WL 1549535, at *3 (N.D. Cal. Apr. 30, 2012) (quoting *Ellis v. United States*, 356 U.S. 674-75 (1958)) (finding an

2

Altogether, the court finds that Nkwuo's appeal is frivolous.  In both his initial and amended complaints, Nkwuo raised seven causes of action, all of which were connected to his allegation that MetroPCS installed devices on his phone to record incoming and outgoing phone calls.[14]  As the court observed, however, the express terms of his service contract permitted the collection and disclosure of his information in order to comply with the law or legal process or for marketing or advertising purposes.[15]  Nkwuo does not dispute that he assented to the service contract itself.[16]  He nevertheless asserts that the conduct that the contract allowed was unlawful.[17]  He also alleges in conclusory terms that Defendants discriminated against him based on his race and used his personal data to harass him, but he fails to provide any facts that could give rise to even an inference of discrimination or harassment.[18]  Nkwuo has not presented any compelling arguments, either in response to the motions to dismiss or in his motion for reconsideration, that would suggest that he is entitled to relief of any kind.  And based on the record in this case, the court sees no reason that he can do so on appeal.

**SO ORDERED.**

Dated: October 5, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

appeal to be frivolous where it had no valid grounds on which it was based and equating "frivolous" to mean not "taken in good faith").

[13] *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (holding that 28 U.S.C. § 1915(a) requires IFP status to be authorized for an appeal as a whole and not on a piecemeal basis).

[14] *See id.* at 1.

[15] *See id.* at 2-3; Docket No. 50-1, Exh. 1 at ¶ 21; Docket No. 50-1, Exh. 2 at 22-28.

[16] *See* Docket No. 50 at 9.

[17] *See id.* at 7-17.

[18] *See id.* at 8-16; Docket No. 63 at 4-9.

Case No. 5:14-cv-05027-PSG
ORDER REVOKING IN FORMA PAUPERIS STATUS ON APPEAL